



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 8, 2018**

*Mark X. Mullin*
_____
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| LEIO CORPORATION, | § | |
| | § | Case No. 17-45187-mxm7 |
| Debtor. | § | |
| | § | |

### ORDER GRANTING MOTION OF MAJESTIC PARK WEST PARTNERS, L.P.; NM MAJESTIC HOLDINGS, LLC; AND MAJESTIC REALTY CO. FOR RELIEF FROM AUTOMATIC STAY TO APPLY SECURITY DEPOSIT

CAME ON TO BE CONSIDERED, the *Motion for Relief from Automatic Stay to Apply Security Deposit* [Docket No. 60] (the "**Motion**")[1] filed by Majestic Park West Partners, L.P.; NM Majestic Holdings, LLC; and Majestic Realty Co. (collectively, the "**Landlord Parties**"). After considering the Motion and noting that no objections were filed in response to the Motion, the Court finds that the Motion should be granted.  Therefore, the Court finds and orders as follows:

---

[1] All capitalized terms used, but not defined, in this order shall have the definition provided in the Motion.

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Landlord Parties are entitled to stay relief under Section 362(d)(1) and (2) of the Bankruptcy Code because the Trustee has not provided the Landlord Parties with adequate protection related to the Security Deposit or the Lease and, in fact, the Trustee has rejected the Lease. Further, the Debtor has no equity in the Security Deposit, and the Security Deposit is not necessary to an effective reorganization.

3. The Motion is granted, and the automatic stay is hereby modified effective as of the date of this Order to allow the Landlord Parties to apply the Security Deposit to any obligations of the Debtor pursuant to the terms of the Lease.

4. The 14 day period required by Rule 4001(a)(3) is hereby waived and this order is effective immediately upon entry.