Kenneth A. Hill
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LEIO CORPORATION, | § | CASE NO. 17-45187-mxm7 |
| | § | |
| DEBTOR. | § | |

**MOTION TO APPROVE SALE OF VISAOMD ASSETS FREE
AND CLEAR OF ALL INTERESTS, COMBINED WITH BRIEF IN SUPPORT**

**NOTICE**

HEARING DATE ON SUCH SALE IS SET FOR SEPTEMBER 13, 2018, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TX 76102-3643 AT LEAST 4 DAYS IN ADVANCE OF SUCH HEARING DATE.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "Trustee"), the chapter 7 trustee for Leio Corporation (the "Debtor") files this Motion to Approve Sale of VisaoMD Assets Free and Clear of All Interests, Combined with Brief in Support (the "Motion"), and would respectfully show as follows:

## I. FACTUAL BACKGROUND

1. On December 29, 2017, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code. The Trustee was appointed the chapter 7 trustee, and she continues to serve in that capacity.

2. The Debtor's assets include the following (collectively, the "Subject Assets"):

(a) "VisãoMD" and "Skin Care Cocktail" trademarks, VisaoMD e-commerce platform, and VisaoMD formulas for Glycolic Lactic Exfoliating Cleanser; Gentle Cleanser; pH Balancing Toner; Vitamin C Serum; Glycolic Lotion 10X; Glycolic Lotion 20X; Peptide Cream; Enzyme Polishing Peel; Hydro Boost Clear Serum; Brightening Complex; Recovery Balm; Vitamin A Perfecting Complex; Lash & Brow Growth; All in One Eye Cream; Plumping Lip Balm; Light Weight Moisture Lotion; Emollient Moisture Cream; Tinted SPF; Clear SPF; Face & Body Scrub (the "Intangible Subject Assets"); and

(b) VisaoMD related finished goods and VisaoMD packaging (the "Tangible Subject Assets") that includes the following:

(i) 2 pallets of stage show items;

(ii) 141 boxes of 8 oz oblong bottles;

(iii) 32 boxes 4 oz oblong bottles;

(iv) 18 boxes blue pumps;

(v) 21 boxes 200ml blue bottle;

(vi) 233 boxes .5oz square jars;

(vii) 4 pallets VasoMD finished products;

(viii) 2 pallets of 8 oz oblong tubes

(ix) 2 pallets of chemicals for facial cream;

   (x) 1 pallet of various finished goods (i.e. Venuse skin cleaner, facial peel and Vasomd products);

   (xi) 2 pallets of bags;

   (xii) 6 Pallets of VasoMD packing materials.

 3. The Subject Assets are encumbered by the following security interests, in the following order of priority:

   (a) first, a security interest held by Hunter Caroline Holding, LLC ("HCH"), securing a debt of more than $50,000;

   (b) second, a security interest of Yellowstone Capital; and

   (c) third, a security interest of Helga Arminak.

 4. HCH took possession of the Tangible Subject Assets pursuant to the Court's *Order Granting Emergency Motion of Majestic Park West Partners, L.P.; NM Majestic Holdings, LLC; and Majestic Realty Co. For Approval of Procedures Governing Distribution of Abandoned Property* [ECF 57]. The only Tangible Subject Assets are in the possession of HCH.

## II. PROPOSED SALE

 5. The Trustee received an offer from J & A Pharma Solutions LLC (the "Buyer") to purchase the Subject Assets for $15,000.00. This is the only offer she has received for the Subject Assets. After consulting with the Debtor's principals and HCH (the holder of the first priority security interest in the Subject Assets and the party in possession of the Tangible Subject Assets), the Trustee does not believe she will be able to obtain a higher offer for the Subject Assets.

6. The Trustee seeks authority to sell the Subject Assets "as is" free and clear of all liens, claims, and encumbrances under sections 363(b) and (f) of the Bankruptcy Code on the following terms:

(a) property to be sold: the Subject Assets;

(b) price: $15,000.00;

(c) terms:

(i) cash sale free and clear of all liens, claims, and encumbrances (including but not limited to all security interests held or asserted by HCH, Yellowstone Capital, and Helga Arminak); and

(ii) the sale will be "as is," with no representations or warranties of any kind;

(iii) the Buyer is responsible for removing the Tangible Subject Assets from the storage facility used by HCH within one business day of entry of an order approving the sale; and

(d) distribution of proceeds:

(i) first, a surcharge of $5,000.00 to the Debtor's bankruptcy estate as unencumbered funds under 11 U.S.C. § 506(c); and

(ii) second, all sale proceeds over and above the $5,000.00 surcharge under 11 U.S.C. § 506(c) described above will be paid to HCH toward satisfaction of its secured claim against the Debtor's bankruptcy estate.

7. The Trustee requests that the Court expressly find that the Buyer is purchasing the Subject Assets in "good faith" within the meaning of section 363(m) of the Bankruptcy Code. The Buyer is not affiliated in any way with the Debtor, the Trustee, the undersigned counsel, or

any other party in interest in this case. The Trustee negotiated the sale proposed in this Motion with the Buyer in conjunction with HCH at arm's length and in good faith.

8. The Trustee also requests that the order approving her sale of the Subject Assets state that the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) not apply to the order. A prompt closing of the sale is necessary to avoid HCH incurring additional storage charges for the Tangible Subject Assets.

### III. ARGUMENT AND AUTHORITIES

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**A.  This Court Should Approve the Sale of the Subject Assets.**

10. Section 363(b) of the Bankruptcy Code provides in pertinent part that a trustee "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *E.g., In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

11. Courts look to various factors to determine whether to approve a motion under section 363(b), such as: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. *In re Condere*, 228 B.R. 615, 626 (S.D. Miss. 1998).

12. The sale of the Subject Assets satisfies section 363(b) in that a sound business justification exists to sell that property. The sale proposed in this Motion is the best offer the Trustee has been able to negotiate. The proposed sale will maximize the value of estate property

for the benefit of creditors. The Subject Assets are fully encumbered, so the proposed sale with the $5,000.00 surcharge provides a benefit to the bankruptcy estate that the Trustee could not achieve any other way. The sale of the Debtors' interest in the Subject Assets will maximize the value of the Subject Assets to HCH and allow some funds to be available for unsecured creditors in this case from the surcharge amount.

**B.       This Court Should Approve the Sale Free and Clear of Interests.**

13.    When a sound business justification exists for a sale transaction, the Court may, pursuant to section 363(f) of the Bankruptcy Code, authorize the sale free and clear of interests if one of the following applies: (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interests; (2) any entity a holding lien, claim, encumbrance or interest consents to the proposed sale; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest. 11 U.S.C. § 363(f). Because section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to approve the sale of assets free and clear of interest. In this case, HCH consents to the proposed sale and all other security interest holders could be compelled in a legal proceeding to accept a money satisfaction of their interests.[1]

**C.       This Court Should Approve the Surcharge Under Section 506(c).**

14.    A trustee may recover from a secured creditor's collateral the reasonable and necessary costs and expenses of preserving, or disposing of, that property to the extent of any

---

[1] All other security interest holders hold security interests subordinate to HCH, so they could be compelled to accept zero in satisfaction of their security interests in a legal proceeding by HCH to foreclose its security interest in the Subject Assets.

benefit to the secured creditor. 11 U.S.C. § 506(c). The Trustee believes HCH will receive a net benefit of at least $5,000.00 from the sale proposed in this motion compared to what HCH would receive after having to lift the stay, foreclose, and sell the Subject Assets. HCH consents to the $5,000.00 surcharge proposed in this motion.

### IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court enter an order:

(a) authorizing Trustee Holder to sell the Subject Assets free and clear of all liens, claims and encumbrances (including but not limited to all security interests held or asserted by HCH, Yellowstone Capital, and Helga Arminak) to the Buyer on the terms stated in this Motion;

(b) authorizing the Trustee to retain $5,000.00 from the sale proceeds as unencumbered funds in the Debtor's bankruptcy estate as a surcharge under 11 U.S.C. § 506(c);

(c) authorizing Trustee Holder to distribute all proceeds from the sale of the Subject Assets over and above the $5,000.00 surcharge under 11 U.S.C. § 506(c) described in this motion to HCH without further motion, notice, hearing, or order;

(d) finding that the Buyer is purchasing the Subject Assets in "good faith" within the meaning of section 363(m) of the Bankruptcy Code;

(e) ordering that the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) not apply to the order; and

(f) granting Trustee Holder such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: *Kenneth A. Hill*
   Kenneth A. Hill
   Texas Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Charles Rubio, counsel for Colonial Funding Network, Inc., as servicing agent for Hunter Caroline Holding, LLC, and he consented to the relief requested in this motion.

*Kenneth A. Hill*
Kenneth A. Hill

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same (a) via the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case and (b) via first class mail, postage prepaid, on all persons and entities set forth on the attached service list. The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Jackie Struck at Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, fax (214) 871-2111, e-mail jstruck@qslwm.com.

*Kenneth A. Hill*
Kenneth A. Hill