



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed September 18, 2018

_United States Bankruptcy Judge_
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LEIO CORPORATION, | § | CASE NO. 17-45187-mxm7 |
| | § | |
| DEBTOR. | § | |

## AGREED ORDER APPROVING SALE OF VISAOMD
## ASSETS FREE AND CLEAR OF ALL INTERESTS

On this date, the Court considered the Motion to Approve Sale of VisaoMD Assets Free and Clear of All Interests, Combined with Brief in Support (Dkt. No. 93, the "Motion") filed by Areya Holder Aurzada (the "Trustee"), the chapter 7 trustee for Leio Corporation (the "Debtor") in the above-referenced bankruptcy case. After reviewing the Motion and considering the agreement of the parties, as evidenced by the signatures of their respective counsel below, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. No timely response or objection was filed to the Motion.

4. On December 29, 2017, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee was appointed the chapter 7 trustee, and she continues to serve in that capacity.

5. The Debtors' assets include the following (collectively, the "Subject Assets"):

(a) the following trademarks, platform, and brands: "VisãoMD" and "Skin Care Cocktail" trademarks, VisaoMD e-commerce platform, and VisaoMD formulas for Glycolic Lactic Exfoliating Cleanser; Gentle Cleanser; pH Balancing Toner; Vitamin C Serum; Glycolic Lotion 10X; Glycolic Lotion 20X; Peptide Cream; Enzyme Polishing Peel; Hydro Boost Clear Serum; Brightening Complex; Recovery Balm; Vitamin A Perfecting Complex; Lash & Brow Growth; All in One Eye Cream; Plumping Lip Balm; Light Weight Moisture Lotion; Emollient Moisture Cream; Tinted SPF; Clear SPF; Face & Body Scrub; and

(b) the following VisaoMD related finished goods and VisaoMD packaging:
 (i) 2 pallets of stage show items;
 (ii) 141 boxes of 8 oz oblong bottles;
 (iii) 32 boxes 4 oz oblong bottles;
 (iv) 18 boxes blue pumps;
 (v) 21 boxes 200ml blue bottle;
 (vi) 233 boxes .5oz square jars;
 (vii) 4 pallets VasoMD finished products;
 (viii) 2 pallets of 8 oz oblong tubes
 (ix) 2 pallets of chemicals for facial cream;
 (x) 1 pallet of various finished goods (i.e. Venuse skin cleaner, facial peel and Vasomd products);
 (xi) 2 pallets of bags;
 (xii) 6 Pallets of VasoMD packing materials.

6. The Subject Assets are encumbered by the following liens, in the following order of priority:

(a) first a statutory lien to secure payment of *ad valorem* property taxes to Dallas County, City of Coppell, Coppell Independent School District, Dallas County Community College District, Parkland Hospital District, and Dallas County School Equalization Fund (collectively, the "Taxing Authorities");

(b) second, a security interest held by Colonial Funding Network Inc., as servicing provider for Hunter Caroline Holding, LLC ("Colonial"), securing a debt of more than $50,000;

(c) third, a security interest of Yellowstone Capital; and

(d) fourth, a security interest of Helga Arminak.

7. The Trustee filed the Motion requesting authority to sell all of the Subject Assets to J & A Pharma Solutions LLC (the "Buyer") "as is," "where is," "as is," with no representations or warranties of any kind, and free and clear of all liens, claims, and encumbrances under sections 363(b) and (f) of the Bankruptcy Code.

8. The Taxing Authorities filed a limited objection to the Motion (Dkt. No. 103).

9. The standards of section 363(b) of the Bankruptcy Code are satisfied in this case to allow the Trustee to sell the Subject Assets to the Buyer as proposed in the Motion. Specifically, the proposed sale constitutes a sound exercise of the Trustee's business judgment and is in the best interests of the Debtor's bankruptcy estate.

10. The standards of section 363(f) are satisfied in this case to allow the Trustee's sale of the Subject Assets to the Buyer as proposed in the Motion to be made free and clear of all liens, claims, and encumbrances. The Taxing Authorities and Colonial consent to the sale as approved in this Order and all other security interest holders could be compelled in a legal proceeding to

accept a money satisfaction of their interests.[1] Additionally, the Taxing Authorities have agreed to waive any secured claim against any other tangible collateral Colonial recovers from the Debtor's bankruptcy estate.

11. A trustee may recover from a secured creditor's collateral the reasonable and necessary costs and expenses of preserving, or disposing of, that property to the extent of any benefit to the secured creditor. 11 U.S.C. § 506(c). This Court finds that the Taxing Authorities and Colonial will receive a net benefit of at least $3,500.00 from the sale proposed in the Motion compared to what the Taxing Authorities and Colonial would receive after having to lift the stay, foreclose, and sell the Subject Assets. The Taxing Authorities and Colonial consent to the $3,500.00 surcharge approved in this order. The Trustee shall be allowed to retain $3,500.00 from the gross sale proceeds for the Debtor's bankruptcy estate as unencumbered funds.

12. This Court finds that the Buyer is purchasing the Subject Assets in "good faith" within the meaning of section 363(m) of the Bankruptcy Code.

**IT IS THEREFORE ORDERED** that the Trustee shall be and hereby is authorized to sell the Subject Assets "as is," "where is," "as is," with no representations or warranties of any kind, and free and clear of all liens, claims, and (including but not limited to all security interests held or asserted by Colonial, Yellowstone Capital, and Helga Arminak) to the Buyer for $15,000.00.

**IT IS FURTHER ORDERED** that the Trustee shall be and hereby is authorized to retain $3,500.00 from the gross sale proceeds as unencumbered funds in the Debtor's bankruptcy estate as a surcharge under 11 U.S.C. § 506(c).

---

[1] All other security interest holders hold security interests subordinate to Colonial, so they could be compelled to accept zero in satisfaction of their security interests in a legal proceeding by Colonial to foreclose its security interest in the Subject Assets.

**IT IS FURTHER ORDERED** that the Trustee shall be and hereby is authorized to distribute all remaining proceeds from the sale of the Subject Assets to the Taxing Authorities and Colonial at closing as follows: $4,500.00 to the Taxing Authorities, payable to the order of Dallas County; and $7,000.00 to HCH, payable to the order of Colonial Funding Network, Inc.

**IT IS FURTHER ORDERED** that the remaining balance of the Taxing Authorities' proof of claim (docketed as Claim No. 11-3 on the Court's ECF Claims Register) after payment of the $4,500.00 as provided in the immediately preceding paragraph will be allowed as a priority unsecured claim pursuant to 11 U.S.C. § 507(a)(8).

**IT IS FURTHER ORDERED** that the Buyer is determined to be purchasing the Subject Assets in "good faith" within the meaning of section 363(m) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) does not apply to this Order and the Trustee may close the sale of the Subject Assets immediately upon entry of this Order.

**IT IS FURTHER ORDERED** that the Trustee's conveyance of the Subject Assets shall be free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the Trustee shall be and hereby is authorized to do any and all things necessary to close the sale of the Subject Assets on the terms stated in this Order.

**IT IS FURTHER ORDERED** that the Taxing Authorities shall not have any secured claim against any other tangible collateral Colonial recovers from the Debtor's bankruptcy estate.

# # # End of Order # # #

...

AGREED:

*/s/ Kenneth A. Hill*
Kenneth A. Hill,
Attorney for the Trustee

and

*Sherrel K. Knighton*
Sherrel K. Knighton,
Attorney for the Taxing Authorities

and

*/s/ Charles Rubio*
Charles Rubio,
Attorney for Colonial Funding Network, Inc.